UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:22-cv-20590-KMM

TOPENCA LLC and CHRISTIAN TONI,

    Plaintiffs,

v.

MERRICK B. GARLAND, *Attorney General of the United States*, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** is before the Court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 13). Plaintiffs Topenca LLC and Christian Toni filed a response in opposition (ECF No. 14), to which Defendants filed a reply (ECF No. 15). The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation regarding all pre-trial, non-dispositive matters including discovery, and for a Report and Recommendation on any dispositive motions. (ECF No. 5). Having reviewed the Motion, Response, Reply, and the docket as a whole, and being otherwise fully advised, this Court **RECOMMENDS** that Defendants' Motion be **GRANTED**.

    **I.**    **BACKGROUND[1]**

    On June 25, 2015, Plaintiff Topenca LLC ("Topenca") filed an I-129 petition with Defendant United States Citizenship & Immigration Services ("USCIS"), requesting that Plaintiff

---

[1] The following facts are drawn from the Complaint and are accepted as true for purposes of this Report and Recommendation on Defendants' Motion to Dismiss.

1

Christian Toni ("Toni") be classified as a multinational executive/manager and be issued an L-1A visa, in accordance with 8 U.S.C. § 1101(a)(15)(L).² (ECF No. 1 at 8–9).

USCIS approved this petition on July 2, 2015 and issued Toni a L-1A visa for July 30, 2015 through July 29, 2016. (ECF No. 1-2 at 76). On July 27, 2016, Topenca filed a second L-1A petition (the "2016 Petition") on behalf of Toni, seeking a two-year extension. (ECF No. 1 at 9). On August 31, 2016, USCIS issued a request for evidence for Plaintiffs' extension. *Id.* On November 23, 2016, Plaintiffs submitted a response to USCIS. *Id.* On December 6, 2016, USCIS denied the L-1A petition for an extension. *Id.*

On February 28, 2022, Plaintiffs commenced this action by filing the Complaint for Declaratory and Injunctive Relief (ECF No. 1), seeking review of USCIS's decision, pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, *et seq*. Defendants now move to dismiss the Complaint for lack of subject matter jurisdiction.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Such jurisdiction must be proven by a preponderance of the evidence. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). Attacks on subject matter jurisdiction come in two forms: facial attacks and factual attacks. *See Menchaca v. Chrysler Credit Corp.*, 613

---

² The L visa is designed to permit companies to transfer employees from overseas operations to the United States. *See* 8 U.S.C. § 1101(a)(15)(L). The L-1A classification is for persons employed in a managerial or executive capacity. *Id.*

F.2d 507, 511 (5th Cir. 1980).³ A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction within the complaint. *Id.* In a facial attack, a plaintiff's allegations are taken as true for the purposes of the motion. *Id.* A factual attack challenges subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as affidavits, are considered. *Id.* With a factual attack, the Court is free to "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

### III.    DISCUSSION

Defendants seek dismissal of the Complaint for lack of subject matter jurisdiction, arguing that there is no "case or controversy" establishing this Court's jurisdiction under Article III of the U.S. Constitution. (ECF No. 13 at 7). Defendants do not address whether they bring forward a facial or factual attack.⁴ Even so, under either standard, Plaintiffs have not met their burden of demonstrating this Court has subject matter jurisdiction over their claims. First, Defendants assert that Plaintiffs have failed to allege facts sufficient to make out the existence of an injury traceable to USCIS's denial of Plaintiffs' 2016 Petition. *Id.* Defendants alternatively assert that if Plaintiffs have demonstrated such an injury, then Plaintiffs have not established that this Court can redress that injury. *Id.*

In response to Defendants' Motion, Plaintiffs identify three purported injuries. First, Plaintiffs argue that Topenca's inability to find an individual experienced to manage the

---

³ *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) ("[T]he decisions of the United States Court of Appeals for the Fifth Circuit . . . as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.").

⁴ In their Motion, Defendants attack (1) the sufficiency of the factual allegations in the Complaint and (2) the redressability of Plaintiffs' alleged injury. (ECF No 13 at 7–9). In opposition, Plaintiffs attach additional evidence to their Response in the form of an affidavit. (ECF No. 14-1). And Defendants in their Reply respond to that evidence. Because both Parties have relied upon evidence outside the Complaint in their briefing on this Motion to Dismiss, the following analysis likewise considers the attached evidence.

organization, and its reduction in operations and business, both constitute injuries traceable to USCIS's decision to deny Plaintiffs' 2016 Petition. (ECF No. 14 at 9–10). Second, Plaintiffs assert that USCIS's denial of the 2016 Petition caused Toni further injury when Toni was later denied admission into the United States, ordered removed, and subjected to a five-year ban. (*Id.* at 10–11). And third, Plaintiffs assert both Topenca and Toni were injured as they were unable to petition for the First Preference EB-1 category,[5] which would have allowed Toni to apply for an adjustment of status to that of a lawful permanent resident. (*Id.* at 11).

As for the redressability of their injuries, Plaintiffs assert in their response that a favorable decision in this Court would allow Toni (1) to challenge his removal order, (2) regain his L-1A status, and (3) eventually adjust his status to that of a lawful permanent resident. (ECF No. 14 at 11–12). Plaintiffs also contend that this Court has "the authority to order Defendants to grant Plaintiff's [L-1A] petition from the time it issues its order for the two years that Plaintiff initially requested." (*Id.* at 12).

   a. **Standing Under Article III**

The power of the federal courts is constitutionally confined to "cases" and "controversies." U.S. Const. art. III, § 2. The "case or controversy" requirement imposes certain limits on the federal courts, such as standing. *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020). Under Article III of the Constitution, a party seeking review by a federal court must demonstrate they have standing to pursue their claims. To do so, a party must show it has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant,

---

[5] First Preference EB-1 category is an employment-based visa that is highly coveted because the employer does not have to obtain Labor Certification, which is an expensive and time-consuming process. *See* 8 U.S.C. § 1182 (a)(5)(A); (ECF No. 14 at 7–8); Peter C. Fulweiler, Jr., *The Cascade Effect: The Consequences of the USCIS's Interpretation of* Kazarian v. USCIS *on Economic Growth*, 26 Geo. Immigr. L.J. 603, 605 (2012).

4

and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

### b. Toni's Injury of Being Denied Admission, Ordered Removed, and Banned from Reentry

In their Motion, Defendants argue that Toni "fails to allege any facts regarding his purported injury." (ECF No. 13 at 7). Plaintiffs assert that Toni experienced an injury-in-fact when, in 2021, Toni was denied admission into the United States, ordered removed, and banned from reentering for a period of five years. (ECF No. 1 at 14–15); (ECF No. 14 at 10–11). Though Toni has sufficiently pled an injury-in-fact, Plaintiffs have failed to demonstrate the injury is redressable here.

An injury-in-fact must be "concrete and particularized." *Spokeo, Inc.*, 578 U.S. at 339. Concreteness requires that an injury "actually exist[s]." *Id.* at 340. Particularization requires that the alleged injury "affect the plaintiff in a personal and individual way." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 n.1 (1992). Plaintiffs provide both factual allegations in the Complaint and evidence attached to their Response that set forth what Toni's claimed injury is, when he suffered it, and how it occurred. Plaintiffs contend that Toni's injury occurred on March 7, 2021 when he tried to enter the United States as he attempted to enter with a nonimmigrant B-1 visa for purposes of conducting business for Topenca. (ECF No. 1 at 14–15); (ECF No. 14 at 7). Plaintiffs assert that because Toni no longer held a L-1A visa, the United States Department of Homeland Security revoked Toni's B-1 visa, denied Toni entry, order him removed, and banned him from reentering for a period of five years. (ECF No. 1 at 14–15); (ECF No. 14 at 7, 10–11). Based on the foregoing, Plaintiffs have provided sufficient factual allegations and evidence to establish the existence of an injury to Toni in a personal and individual way. As such, Plaintiffs have

sufficiently established that Toni has suffered an injury-in-fact.[6]

As for the redressability of Toni's injury, Defendants argue that Plaintiffs cannot show that a favorable ruling (i.e., an order reversing the decision denying the 2016 Petition) from this Court would redress Toni's injury. (ECF No. 13 at 8). Plaintiffs counter that a favorable ruling would allow "Toni to attack his removal order" and "demonstrate he had a valid visa to conduct business" in the United States.[7] (ECF No. 14 at 11–12). Plaintiffs argue Toni could then reenter the United States with an L-1A visa or other nonimmigrant visa and not be subjected to the five-year ban. (*Id.* at 12). Defendants reply that (1) a challenge to the underlying removal order is statutorily barred and (2) this Court cannot provide relief because the underlying visa has expired. (ECF No. 15 at 3).

"It must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan*, 504 U.S. at 561. Redressability is determined by "the availability of relief at a given step, rather than the likelihood of achieving the ultimate goal." *Shalom Pentecostal Church v. Acting Sec'y U.S. Dep't of Homeland Sec.*, 783 F.3d 156, 162 (3d Cir. 2015) (citing *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 151–53 (2010)).

First, as to Toni's ability to challenge the removal order, Defendants are correct that Plaintiffs may be barred from *judicially* challenging that order.[8] But to the extent there may be

---

[6] Defendants do not appear to argue that Toni's injury is not traceable to USCIS's denial of the 2016 Petition. Thus, while the Court finds that Toni has suffered an injury-in fact, but that ultimately is not redressable, the Court makes no finding with respect to traceability.

[7] Plaintiffs do not attack Toni's removal order in the action before this Court.

[8] Toni was removed pursuant to an expedited removal order under 8 U.S.C. § 1225(b)(1) as he was determined to be inadmissible because he did not have a valid visa to enter under 8 U.S.C. § 1182(a)(7)(A)(i)(I). (ECF No. 1-12 at 9). Judicial review of an expedited removal order is governed by 8 U.S.C. § 1252. Under 8 U.S.C. § 1252, "no court shall have jurisdiction to review . . . any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title." 8 U.S.C. § 1252(a)(2)(A). Under § 1252, judicial review of determinations made under section 1225(b)(1), is "limited to determinations of—(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)], and (C) whether the petitioner can prove . . . that the petitioner is [a lawful permanent resident], has been admitted as a refugee . . . or has been granted asylum . . . ." 8 U.SC. § 1252(e)(2); *see also Diaz Del Cid v. Barr*, 394

other avenues to challenge the removal order, Plaintiffs fail to explain how a favorable ruling from this Court will permit them to do so. (ECF No. 14 at 11–12). Plaintiffs' assertion that, with a favorable decision Toni would be able to demonstrate he had a valid visa to conduct business in the United States, which would in turn allow him to reenter, is otherwise conclusory. Plaintiffs do not provide on what grounds they would be able to attack the removal order. Nor do Plaintiffs identify to whom Toni would be demonstrating he had a valid visa. While the Court need not look to the likelihood of success of Toni's ultimate goal of reentering the United States, the burden is on Plaintiffs to establish that this Court has subject matter jurisdiction by alleging facts or bringing forth evidence sufficient to show that Toni's injury is redressable. *Kokkonen*, 511 U.S. at 377. Plaintiffs' assertion that he just *could* challenge the Order of removal is unsubstantiated and entitled to no deference on this factual attack to standing.

Second, the Court agrees that reversing the denial of Toni's visa extension from 2016 to 2018 could not redress Toni's injury as the visa extension period is expired. (ECF 15 No. 3). Plaintiffs brought this action to challenge USCIS's denial of the 2016 Petition to extend the underlying visa from July 30, 2016 to July 29, 2018. Plaintiffs filed their Complaint on February 28, 2022. (ECF No. 1). If this Court were to declare USCIS's decision to deny the 2016 Petition unlawful, the period during which the relevant visa would have been extended already expired nearly three-and-a-half years ago. *See Next Generation Tech., Inc. v. Jaddou*, No. 21CV1390, 2022 WL 1548037, at *8 (S.D.N.Y. May 12, 2022) ("[E]xpiration of the October 2009 - September 2012 validity period for Plaintiffs' H1-B visa approval renders the instant case moot."); *Alpha K9 Pet Servs. v. Johnson*, 171 F. Supp. 3d 568, 581 (S.D. Tex. 2016) ("Any declaration that USCIS's actions with respect to those applications were improper would thus amount to nothing more than

F. Supp. 3d 1342, 1346 (S.D. Fla. 2019) (denying review of a habeas petition due to lack of subject matter jurisdiction to review an expedited removal order).

a retrospective opinion that the Business Plaintiffs were wrongly harmed by USCIS and would do nothing to affect the behavior of USCIS toward them.").

While Plaintiffs, as discussed above, advise the Court in general terms that they plan to attack the underlying removal order, Plaintiffs do not offer a meaningful response to the argument that the underlying L-1A visa extension period has expired.  Rather, in their Response Plaintiffs assert only the L-1A visa can be extended up to seven years.  (ECF No. 14 at 12).  Plaintiffs do not explain the connection between this potential for this-7-year extension and an L-1A visa extension period that has already expired, or argue that Toni would or could be eligible for such an extension.[9]  Without more, Plaintiffs do not clearly establish that a favorable decision would have any effect on Toni's ability to attack his removal order.

Thus, even assuming that Toni has suffered an injury-in-fact, there is no basis to find that a judicial order declaring USCIS's decision unlawful would likely readdress Toni's injury under the circumstances alleged in the Complaint as supplemented in the Response.

       **c.**    **Topenca's Injury of Lacking a Qualified Managing Director**

Defendants argue that Plaintiffs merely put forth conclusory language about Topenca's injury due to not having Toni as its managing director.  In response to Defendants' Motion, Plaintiffs submitted additional facts in support of Topenca's alleged injury in the form of an affidavit from Toni.  (ECF No. 14-1).

"[G]eneral factual allegations of injury resulting from the defendant's conduct may suffice . . . on a motion to dismiss." *Lujan*, 504 U.S. at 561.  However, a plaintiff is still required to "plausibly and clearly allege a concrete injury." *Thole v. U. S. Bank N.A.*, 140 S. Ct. 1615, 1621

---

[9] To the extent Plaintiffs imply an extension can be granted *nunc pro tunc*, they have not developed that argument or identified the regulations that would permit such an extension.

(2020). "[M]ere conclusory statements . . . do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In their Complaint, Plaintiffs only allege that Topenca "is experiencing hardship as there is no other individual experienced to manag[e] and direct the organization." (ECF No. 1 at 15). The Complaint provides no other detail on this hardship or how not having Toni as a managing director affected Topenca. As such, the Court agrees that Plaintiffs have not met their burden of sufficiently alleging a plausible injury in their Complaint, as they plead the existence of an injury in conclusory terms. *Land Tr. Serv. Corp. v. Mortg. Elec. Registration Sys. Inc.*, No. 21-CV-61565, 2022 WL 1018395, at *4 (S.D. Fla. Mar. 21, 2022), *report and recommendation adopted*, No. 21-CV-61565, 2022 WL 1015322 (S.D. Fla. Apr. 5, 2022) ("[T]he vague, bare allegations in the Complaint leave the Court to conjecture what concrete injury Plaintiffs believe they have suffered.").

However, and as noted above, Plaintiffs submitted additional facts in support of Topenca's alleged injury in the form of an affidavit from Toni. (ECF No. 14-1). As a managing director, Plaintiffs assert that Toni is "in charge of oversight of administrative, financial, commercial, and operation systems including finance, accounting, information technology, human resources, communications, commercial relationships, and infrastructure." (ECF No. 14 at 9); *see* (ECF No. 1 at 8). As a result of USCIS's denial of the 2016 Petition, Plaintiffs argue that Toni has been unable "to undertake all these responsibilities and operations, and business has decreased." (ECF No. 14 at 10). Plaintiffs assert that, without Toni, Topenca has (1) had to eliminate the number of positions it employs; (2) experienced employment turnover; (3) been unable to hire qualified individuals; (4) had its operations reduced; (5) not found a qualified individual to build commercial relationships; (6) lost clients; and (7) fallen behind on several financial responsibilities. *Id.* I find

9

that Plaintiffs, with the submitted additional facts in their Response, have demonstrated there is an injury-in-fact as their company is experiencing hardship and it is particular to Topenca.

As for traceability, Plaintiffs in their Response assert that "due to the denial of the visa, [Toni has] been unable to accomplish all of [his] responsibilities" and thus "business has decreased." (ECF No. 14-1 at ¶ 3); (ECF No. 14 at 10). Defendants argue that Plaintiffs, via their Response, are "merely expand[ing] on the allegations in the complaint," but nonetheless fail to identify any alleged injury "caused by the visa denial from almost six years ago." (ECF No 15 at 1, 2). The Court agrees. While Plaintiffs have in their Response and in Toni's affidavit asserted more facts relating to Topenca's declining business, Plaintiffs have failed to allege facts that if true, would show how Toni's absence, caused by USCIS denying his 2016 Petition, led to this alleged downturn of the company. Plaintiffs assert that (1) "[b]ecause Mr. Toni is not present in the United States, he has been unable to ensure that qualified individuals are being hired in the organization;" (2) "[b]ecause there is no one who can oversee the company's operations, [Toni] had to eliminate the number of positions available as operations have decreased dramatically;" and (3) "[b]ecause [Toni is] responsible for building commercial relationships, Tonpeca [sic] has lost many contracts with several retail stores as [Toni is] not able to meet with [their] clients to strengthen or build those relationships." (ECF No. 14 at 10); (ECF No. 14-1 at ¶ 3). These assertions demonstrate that Topenca has been negatively impacted. However, Plaintiffs have not demonstrated that the harm to Topenca is caused by the particular absence of Toni as the managing director, rather than other causes, such as the "pandemic, the inherent risky nature of business," or not having *any* managing director. *See* (ECF No. 15 at 2).

Plaintiffs cite to *Pesikoff v. Secretary of Labor*, 501 F.2d 757 (D.C. Cir. 1974), in support of their argument that an employer has standing to challenge such a denial on behalf of a potential

10

employee. There, the D.C. Circuit held that "if [the appellant] is correct in alleging that he cannot find an American worker who is able to perform the domestic tasks which [his live-in maid] has contracted to perform, he has clearly suffered an 'injury in fact' by the certification denial, for the Secretary's certification is a necessary precondition for [his live-in maid] to enter the United States to work for [the appellant]." *Id.* at 760. The court further noted that the employer supported his claim with evidence that he had made attempts to find another to fill the position but that other possible workers were unwilling to fulfill all of the duties of the position. *Id.* at 759. By contrast, Plaintiffs here provide a generic description of Toni's responsibilities without alleging any facts that would similarly establish that he was uniquely positioned—to the exclusion of another potential managing director—to fill the position. (ECF Nos. 14, 14-1).

As such, Topenca has not sufficiently established that its alleged injury is traceable to USCIS's denial of the 2016 Petition.[10]

### d. Topenca and Toni's Alleged Injury Regarding the First Preference EB-1 Category

In their Response, Plaintiffs argue that they both suffered an injury-in-fact because Plaintiffs were unable to apply for the First Preference EB-1 category where, upon its approval, Toni would have then been able to apply for an adjustment of status to lawful permanent resident. (ECF No. 14 at 11). Defendants argue in their Reply that there is no merit to this assertion as there is no evidence Plaintiffs ever applied for such a visa. (ECF No 15 at 3). In support of their argument, Plaintiffs cite to *Kurapati v. USCIS*, 775 F.3d 1255 (11th Cir. 2014). In *Kurapati*, the Eleventh Circuit held that "[the appellants] suffered an injury-in-fact from USCIS's revocation of the I–140 visa petitions—namely, the deprivation of an opportunity to apply for adjustment of status" to lawful permanent resident, "which is fairly traceable to USCIS and would be redressable

---

[10] Defendants do not appear to argue redressability of Topenca's alleged injury, thus the Court makes no finding in that regard.

11

by a favorable decision." *Id.* at 1260.  In that case, "USCIS's revocation of the I–140 visa petitions resulted in the automatic denial of [appellants' pending] adjustment of status applications." *Id.*

Here, Plaintiffs assert that "USCIS' wrongful denial caused an injury-in-fact to both Topenca and Mr. Toni because it prevented Topenca from filing an immigrant visa under the [EB-1] first preference category on behalf of Mr. Toni who would have been immediately eligible to adjust status upon its approval." (ECF No. 14 at 11).  Prior to USCIS's denial of the 2016 Petition, Toni had an L-1A visa and did not have the ability to adjust his status.  To be able to apply for an adjustment of status, Toni would first have to obtain the First Preference EB-1 category visa.  In *Kurapati*, the appellants suffered an injury-in-fact in losing the ability to apply for an adjustment of status when their pending applications where denied.  *Kurapati*, 775 F.3d at 1260.  There is no indication by Plaintiffs that Toni was ever eligible to apply to adjust status.  Plaintiffs were not deprived of applying to adjust Toni's status if they never were eligible to do so.  As such, Plaintiffs have not met their burden in establishing an injury-in-fact.[11]

**IV.     RECOMMENDATIONS**

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 13) should be **GRANTED**, and that Plaintiffs' Complaint be **DISMISSED** for lack of subject matter jurisdiction.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to

---

[11] Defendants do not appear to argue traceability or redressability of Topenca and Toni's alleged injury, thus the Court will not address either at this time.

challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 2nd day of February, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore
Counsel of Record