**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-20590-KMM

TOPENCA LLC.*, et al.*,

     Plaintiffs,

v.

MERRICK B. GARLAND, *et al.*,

     Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss.  ("Motion" or "Mot") (ECF No. 13).  The matter was referred to the Honorable Lauren Fleischer Louis, United States Magistrate Judge.  (ECF No. 5).  On February 2, 2023, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 17), recommending that Defendants' Motion be GRANTED and that Plaintiffs' Complaint (ECF No. 1) be dismissed for lack of subject matter jurisdiction.  No objections were filed in opposition to the R&R, and the time to do so has passed.  The matter is now ripe for review.  As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The Court "must consider *de novo* any objection to the magistrate judge's recommendation."  Fed. R. Crim. P. 59(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

Yet when a party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

In her Report and Recommendation, Magistrate Judge Louis concludes that: (1) Plaintiffs have, through sufficient factual allegations, established that Plaintiff Christian Toni suffered an injury in fact by being denied entry to, removed from and banned from the United States on March 7, 2021, *see* R&R at 5; yet (2) Plaintiffs have failed to establish how the Court might redress this injury pursuant to *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992), particularly where the underlying denied visa extension is now expired, *see id.* at 5–8; (3) Plaintiff Topenca has not established that it has suffered an injury traceable to Defendant United States Citizenship & Immigration Services' denial of Topenca's 2016 L-1A visa petition on behalf of Toni, *see id.* at 8–11; and (4) neither Plaintiff has established a showing of injury with respect to Toni's purported loss of the ability to apply for the First Preference EB-1 category where Plaintiffs have not plead facts demonstrating he would have been eligible for such an application in the first place, *see id.* at 11–12.  This Court agrees.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 17) is ADOPTED.  Defendant's Motion (ECF No. 13) is GRANTED.  Plaintiffs' Complaint (ECF No. 1) is DISMISSED WITH

PREJUDICE in its entirety as to all Defendants for lack of subject matter jurisdiction.  The Clerk

of Court is INSTRUCTED to CLOSE this case.  All pending motions, if any, are DENIED AS

MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of February, 2023.

_____

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record